IN THE UNITED STATES DISTRICT
COURT NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TONYA M. ALEXANDROWSKI, | ) | Case No. 3:23-CV-00460 |
| | ) | |
| Plaintiff, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |

Plaintiff, Tonya Alexandrowski, filed a complaint challenging the final decision of the Commissioner of the Social Security Administration, denying her application for benefits under the Social Security Act, 42 U.S.C. §§ 423 *et seq*.  The court has jurisdiction pursuant to 42 U.S.C. § 405(g).  This case is before the undersigned Magistrate Judge pursuant to an automatic referral under Local Rule 72.2(b) for a Report and Recommendation.  Alexandrowski has requested leave to proceed *in forma pauperis* ("IFP") in this matter.  For the reasons set forth below, I recommend that her IFP application be DENIED.

## I.    Background

On March 8, 2023, Alexandrowski filed a complaint challenging the Commissioner's decision denying her application for disability insurance benefits.  ECF Doc. 1.  Alexandrowski filed a motion to proceed IFP.  ECF Doc. 2.  On the forms attached to her application, Alexandrowski indicated that her boyfriend provided for her needs.  But she did not provide any additional information about his finances.  *See* ECF Doc. 2.

On March 9, 2023, I ordered Alexandrowski to either provide supplemental information as to her boyfriend's financial ability to pay the filing fee, as his income could legally be attributed to her for purposes of IFP review, or pay the filing fee.  *See* ECF Doc. 6.

On April 6, 2023, Alexandrowski provided a supplement, which stated that her boyfriend refused to provide his financial information and that her housing situation was purely at his discretion.  This information, however, was supplied in an unsigned and un-notarized affidavit. *See* ECF Doc. 7.

## II.     Law & Analysis

Pursuant to 28 U.S.C. § 1915, the court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefore."  *See* 28 U.S.C. § 1915(a)(1).  A sufficient affidavit "demonstrates that one cannot, because of his or her poverty, afford to pay the costs of litigation and still provide for the necessities of life."  *Laslau v. Comm'r of Soc. Sec.*, No. 16-CV-11372, 2016 U.S. Dist. LEXIS 80296, at *2 (E.D. Mich. June 21, 2016) (internal quotation marks omitted).  The assets of individuals providing support for the applicant may also be considered in some circumstances. *Dawn T. v. Comm'r of Soc. Sec.*, No. 3:22-CV-0073, 2022 U.S. Dist. LEXIS 107355, at *2-3 (D. Conn. June 16, 2022) (ordering the plaintiff to supplement her IFP motion because she indicated she was supported by her boyfriend and his mother but did not provide any information about their finances).

The Sixth Circuit has recognized that "pauper status does not require absolute destitution."  *Foster v. Cuyahoga Dep't of Health & Human Servs.* 21 F. App'x 239, 240 (6th

2

Cir. 2001) (citing *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.,* 865 F.2d 22, 23

(2nd Cir. 1988)).  Rather, the relevant question is "whether the court costs can be paid without

undue hardship."  *Id.*  It is within the court's discretion whether to allow a litigant to proceed

IFP.  *Foster,* 21 F. App'x. at 240.

Here, Alexandrowski's boyfriend's financial information is legally relevant to the

determination of whether she should be authorized to proceed IFP.  Because she has not provided

that information, she has not demonstrated that she is unable to pay for the cost of her litigation

and still provide for herself.  Alexandrowski is not required to disclose this information, and may

instead choose to pay the costs of these proceedings herself.

Accordingly, I recommend that Alexandrowski's motion to proceed IFP (ECF Doc. 2) be

DENIED and she be ordered to pay the filing fee.  Should the court adopt my recommendation, I

further recommend that, if Alexandrowski fails to pay the filing fee within two weeks of the

court's adoption the above recommendation, that her case be dismissed.  *See Laslau,* 2016 U.S.

Dist. LEXIS 80296, at *4 (adopting a magistrate judge's recommendation that IFP be denied to a

plaintiff who refused to provide his financial information and warning that, if the fee was unpaid,

his case would be dismissed).

Dated: April 17, 2023

Thomas M. Parker
United States Magistrate Judge

_____

**Objections, Review, and Appeal**

Within 14 days after being served with a copy of this report and recommendation, a party may
serve and file specific written objections to the proposed findings and recommendations of the
magistrate judge.  Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C.

3

§ 636(b)(1); Local Rule 72.3(b).  Properly asserted objections shall be reviewed de novo by the assigned district judge.

* * *

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation.  *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019).  Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 U.S. Dist. LEXIS 100383, *6 (W.D. Ky. June 15, 2018) (quoting *Howard*).  The failure to assert specific objections may in rare cases be excused in the interest of justice.  *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).