UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Tonya M. Alexandrowski,                                Case No. 3:23-cv-460

              Plaintiff,

v.                                                    MEMORANDUM OPINION
                                                          AND ORDER

Commissioner of Social
Security Administration,

              Defendant.

Before me is the Report & Recommendation (R & R) of Magistrate Judge Thomas M. Parker. (Doc. No. 8). Judge Parker recommends I deny Plaintiff Tonya M. Alexandrowski's motion to proceed *in forma pauperis*. (*Id.*). Alexandrowski timely filed objections to the R &R. (Doc. No. 9).

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In her initial motion to proceed in this action *in forma pauperis*, Alexandrowski asserted that she lived with her boyfriend, who paid for her basic needs. (Doc. No. 2 at 4). Judge Parker found the court should consider the resources of Alexandrowski's boyfriend when assessing her application and ordered Alexandrowski to supplement her initial application with "a revised financial affidavit that includes a statement of the resources of her boyfriend and his ability to pay the fee." (Doc. No. 6 at 2). Alexandrowski submitted an unsigned, un-notarized affidavit stating the following:

    1. I am not married.

    2. I live with my boyfriend in the home he owns only because he allows me to stay. I have no ownership or interest in the home/real estate whatsoever. If he decides to ask me to leave, I will have to leave the home.

    3. My boyfriend refuses to give the court his financial information, as we are not married and he has no financial interest in my Social Security claim/appeal.

(Doc. No. 7 at 1).

In the R & R, Judge Parker noted that the affidavit was unsigned and un-notarized but also found its contents substantively deficient. (Doc. No. 8). Ultimately, he concluded "Alexandrowski's boyfriend's financial information is legally relevant to the determination of whether she should be authorized to proceed IFP" and "[b]ecause she has not provided that information, she has not demonstrated that she is unable to pay for the cost of her litigation and still provide for herself." (*Id.* at 3). Alexandrowski timely filed objections to the R & R, urging me not to reject Judge Parker's recommendation that her eligibility to proceed *in forma pauperis* is dependent on her boyfriend's resources and ability to pay the filing fee.[1] (Doc. No. 9). With her objections, she filed the same affidavit, now signed and notarized, and asserted the previous affidavit was erroneously filed. (Doc. No. 9-1).

"Federal Courts, which are charged with evaluating IFP Applications, have consistently considered not only an IFP applicant's personal income, but also his or her other financial resources, including the resources that could be made available from the applicant's spouse, or other family members." *Helland v. St. Mary's Duluth Clinic Health Sys.*, No. 10-31(RHK/RLE), 2010 WL 502781, at *1 n.1 (D. Minn. Feb 5, 2010) (citing cases); *see, e.g., Shahin v. Sec'y of Del.*, 532 F. App'x 123 (3d Cir.

---

[1] Alexandrowski contends her motion to proceed *in forma pauperis* should be granted because Judge Parker granted her motion to proceed *in forma pauperis* in her previous action. (*See Alexandrowski v. Comm'r of Soc. Sec.*, No. 3:20-cv-2302, non-document Order granting Plaintiff's motion to proceed *in forma pauperis* (N.D. Ohio Oct. 14, 2020)). But regardless of the similarity between the two applications, I am not bound by Judge Parker's previous ruling. Therefore, I reject this argument and will instead determine the merits of the pending motion.

2013) (holding district court did not abuse its discretion by requiring plaintiff to disclose spouse's assets).

Although Alexandrowski is supported by her boyfriend and not her spouse, his resources may still be considered in assessing her application to proceed *in forma pauperis* because he apparently pays for all of her expenses, as she reports "$0" in monthly expenses on her application. *See Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) ("In assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend.") (internal quotation marks and citations omitted). Further, because Alexandrowski began living at her current residence with her boyfriend with him paying the bills in January 2017, I reject the suggestion that Alexandrowski's residence with her boyfriend is transient. (*See Alexandrowski v. Comm'r of Soc. Sec.*, No. 3:20-cv-2302, Doc. No. 14 at 276 (N.D. Ohio Apr. 16, 2021)).[2]

While it is true the Alexandrowski is not married to her long-term, live-in boyfriend, he does fully support her. Therefore, I reject Alexandrowski's assertion that he "has no financial interest in [her] Social Security claim/appeal." (Doc. No. 9-1). Instead, I agree with Judge Parker's finding and conclude her boyfriend's finances are relevant to the *in forma pauperis* assessment just as a spouse's would be. Because he is not willing to provide this information, I cannot determine Alexandrowski's true ability to pay the costs of this action. Therefore, I adopt Judge Parker's R & R and deny Alexandrowski's motion to proceed *in forma pauperis*. (Doc. No. 2)

Within fourteen (14) days of this Order, Alexandrowski shall pay the filing fee to proceed with this action. If she fails to do so, the case will be dismissed. If she pays the necessary filing fee

---

[2] Alexandrowski's February 1, 2017 application for benefits bears the same address as her pending motion to proceed *in forma pauperis*. (*Compare* Doc. No. 2 *with Alexandrowski v. Comm'r of Soc. Sec.*, No. 3:20-cv-2302, Doc. No. 14 at 276 (N.D. Ohio Apr. 16, 2021)).

and chooses to proceed with this action, she shall then file her brief within thirty (30) days of payment. After this time, the briefing schedule will continue as ordered by Judge Parker and as articulated in Local Rule 16.3.1. (Doc. No. 13).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge