IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| TONYA M. ALEXANDROWSKI, | ) | Case No. 3:23-CV-00460 |
| | ) | |
| Plaintiff, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | THOMAS M. PARKER |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Defendant. | ) | |

Currently before the court is plaintiff Tonya Alexandrowski's motion to proceed *in forma pauperis* ("IFP") on appeal. ECF Doc. 19. For the reasons set forth below, I recommend that this motion be DENIED.

**I.      Background**

On March 8, 2023, Alexandrowski filed a complaint challenging the Commissioner's decision denying her application for disability insurance benefits. ECF Doc. 1. Alexandrowski filed a motion to proceed IFP. ECF Doc. 2. On the forms attached to her application, Alexandrowski indicated that her boyfriend provided for her needs. But she did not provide any additional information about his finances. *See* ECF Doc. 2.

On March 9, 2023, Alexandrowski was ordered to either provide supplemental information as to her boyfriend's financial ability to pay the filing fee, as his income could legally be attributed to her for purposes of IFP review, or pay the filing fee. *See* ECF Doc. 6. On April 6, 2023, Alexandrowski provided a supplement, which stated that her boyfriend refused

to provide his financial information and that her housing situation was purely at his discretion. This information, however, was supplied in an unsigned and un-notarized affidavit. *See* ECF Doc. 7.

On April 17, 2023, I submitted a report and recommendation ("R&R") which: (i) found that Alexandrowski's boyfriend's finances were relevant to the IFP assessment; and (ii) recommended that the court deny Alexandrowski's motion to proceed IFP (ECF Doc. 2). ECF Doc. 8 at 3. Alexandrowski timely filed objections to the R&R, ECF Doc. 9, attaching the same affidavit, now signed and notarized, ECF Doc. 9-1.

On August 21, 2023, the court issued a memorandum opinion and order that adopted the R&R and denied Alexandrowski's motion to proceed IFP (ECF Doc. 2). ECF Doc. 14. Alexandrowski filed a notice of interlocutory appeal to the Sixth Circuit, challenging the court's denial of IFP status. ECF Doc. 15. In the Sixth Circuit, Alexandrowski filed a motion to proceed IFP on appeal. CM/ECF for the 6th Cir., Doc. 6. On February 7, 2024, the Sixth Circuit issued an order which: (i) noted that Fed. R. App. P. 24 requires a party to first move the district court for permission to proceed IFP on appeal and Alexandrowski had not done so; and (ii) denied Alexandrowski's motion to proceed IFP on appeal "without prejudice to refiling after compliance with Federal Rule of Appellate Procedure 24." ECF Doc. 18.

On March 5, 2024, Alexandrowski filed a motion to proceed IFP on appeal in this court. ECF Doc. 19. As before, on the financial affidavit attached to her motion, Alexandrowski indicated that her boyfriend provided for her needs, but she did not provide any additional information about his finances. *See* ECF Doc. 19-1.

2

**II.     Law & Analysis**

Pursuant to 28 U.S.C. § 1915, the court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefore."  *See* 28 U.S.C. § 1915(a)(1).  A sufficient affidavit "demonstrates that one cannot, because of his or her poverty, afford to pay the costs of litigation and still provide for the necessities of life." *Laslau v. Comm'r of Soc. Sec.*, No. 16-CV-11372, 2016 U.S. Dist. LEXIS 80296, at *2 (E.D. Mich. June 21, 2016) (internal quotation marks omitted). The assets of individuals providing support for the applicant may also be considered in some circumstances. *Dawn T. v. Comm'r of Soc. Sec.*, No. 3:22-CV-0073, 2022 U.S. Dist. LEXIS 107355, at *2-3 (D. Conn. June 16, 2022) (ordering the plaintiff to supplement her IFP motion because she indicated she was supported by her boyfriend and his mother but did not provide any information about their finances).  The Sixth Circuit has recognized that "pauper status does not require absolute destitution."  *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (citing *Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2nd Cir. 1988)).  Rather, the relevant question is "whether the court costs can be paid without undue hardship."  *Id.*  It is within the court's discretion whether to allow a litigant to proceed IFP.  *Foster*, 21 F. App'x. at 240.

For the same reasons provided in the original R&R and the court's August 21, 2023 order, the court should deny Alexandrowski's request for IFP status on appeal.  Alexandrowski's boyfriend's financial information is legally relevant to the determination of whether she should be authorized to proceed IFP because she attests that he fully supports her and pays all of her

3

expenses. Because she has not provided that information, she has not demonstrated that she is unable to pay for the cost of her litigation and still provide for herself. Accordingly, I recommend that Alexandrowski's motion to proceed IFP on appeal (ECF Doc. 19) be DENIED.

Dated: March 5, 2024

Thomas M. Parker
United States Magistrate Judge

**<u>Objections, Review, and Appeal</u>**

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge. Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

\* \* \*

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 U.S. Dist. LEXIS 100383, \*6 (W.D. Ky. June 15, 2018) (quoting *Howard*). The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).