UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Tonya M. Alexandrowski,            Case No. 3:23-cv-460

           Plaintiff,

     v.            MEMORANDUM OPINION
           AND ORDER

Commissioner of Social
Security Administration,

           Defendant.

On August 21, 2023, I adopted the Report & Recommendation ("R & R") of Magistrate Judge Thomas M. Parker, (Doc. No. 8), and denied Plaintiff Tonya M. Alexandrowski's motion to proceed *in forma pauperis* in this action, (Doc. No. 2). (Doc. No. 14). In doing so, I concluded that finances of Alexandrowski's long-term, live-in boyfriend, whom she alleged paid for her basic needs, were "relevant to the *in forma pauperis* assessment just as a spouse's would be." (*Id.* at 3).

Alexandrowski appealed my decision but sought to do so *in forma pauperis*. (Doc. No. 15). The Sixth Circuit denied her motion to proceed *in forma pauperis* on appeal because she did not first move the district court for this relief, as required by Federal Rule of Appellate Procedure 24()(1). (Doc. No. 18). She now moves for such relief. (Doc. No. 19).

Judge Parker recommends I deny Alexandrowski's pending motion for the same reasons I denied her previous one. (Doc. No. 20). Specifically, he states, "As before, on the financial affidavit attached to her motion, Alexandrowski indicated that her boyfriend provided for her needs, but she did not provide any additional information about his finances." (*Id.* at 2). Alexandrowski objects to this finding, asserting Judge Parker's R & R "fails to address the new IFP application in that it fails

to address the fact that her dependence on the boyfriend is now basically limited to the cost of rent." (Doc. No. 21 at 4).

While I agree with Alexandrowski's assertion that the financial affidavit does not support Judge Parker's finding that her boyfriend "fully supports her and pays all of her expenses," (Doc. No. 20 at 3-4), I ultimately agree with his conclusion that her motion to proceed *in forma pauperis* on appeal should be denied.

First, the financial affidavit submitted in support of the pending motion appears to be incomplete. In the financial affidavit, Alexandrowski asserts she currently has a monthly income of $628 from disability benefits. (Doc. No. 19-1 at 2). But she also alleges she now spends $600 per month on food and $200 per month on transportation, making her monthly expenses $172 greater than her monthly income. (*Id.* at 5). Because she lists no line of credit payment that could explain how she is able to live beyond her means, I must conclude she has a source of income or support that has not been disclosed in her motion.

Second, even if her boyfriend is not providing the $172 necessary to cover her unaccounted expenses, he is still providing some of her life necessities, including not only access to a presumably-insured vehicle, but also all of her housing expenses. As I quoted in my previous Order, (Doc. No. 14 at 3), "[i]n assessing an application to proceed in forma pauperis, a court may consider the resources that the applicant has or can get from those who ordinarily provide the applicant with the necessities of life, such as from a spouse, parent, adult sibling or other next friend." *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002). Alexandrowski cites no legal authority suggesting otherwise.

Because it is undisputed that her boyfriend still provides at least *some* of Alexandrowski's "necessities of life," I overrule her objection to Judge Parker's conclusion that her boyfriend's financial information remains legally relevant to the determination of whether she should be

2

authorized to proceed *in forma pauperis* both here and before the Circuit. Accordingly, because that information is not provided on her motion to proceed *in forma pauperis* on appeal, I adopt Judge Parker's recommendation and deny the motion.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge